IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**FILED**

2004 DEC 15 P 12: 47

U.S. DISTRICT COURT
BRIDGEPORT, CONN

KEVIN HAMLETTE,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondant.

DOCKET NO. 3:00CR263(JCH)
DOCKET NO. 3:03CV1239(JCH)

## REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS

NOW COMES, Petitioner Kevin Hamlette, Pro, Se, hereby respectfully requesting that this Honorable Court (Honorable Janet C. Hall) take notice of the following adjudicative facts.

Defendant asserts that Rule 201 of the Federal Rules of Evidence states as follow:

**Rule 201. Judicial Notice of Adjudicative Facts**

**(a) Scope of rule.** This rule governs only judicial notice of adjudicative facts.

**(b) Kinds of facts.** A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**(c) When discretionary.** A court may take judicial notice, whether requested or not.

**(d) When mandatory.** A court shall take judicial notice if requested by a party and supplied with the necessary information.

   **(e) Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

   **(f) Time of taking notice.** Judicial notice may be taken at any stage of the proceeding.

Defendant desires this Honorable Court to take notice of the recent decision made by the United States Supreme Court in **Blakely v. Washington**, 2004 WL 1406297, No. 02-1632 (June 24, 2004).

In **Blakely**, the High Court held that "the statutory maximum for **Apprendi** purposes is the maximum sentence a judge may impose soley on the basis of facts reflected in the jury verdict or admitted by the defendant" ... In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Where a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment." *4

When **Apprendi** was decided, almost every court in this land thought it stood only for sentences that exceeded the offenses statutory maximum, and that if a defendant's sentence falls within the so-called offense statutory maximum, then no **Apprendi** errors occur.

This conclusion has substantially been altered by the Supreme Court decision in **Blakely**, which cleared up such an honest mistake on part of the lower courts.

2

The High Court went on to explain the two (2) bedrock principles underlying **Apprendi**: "that the truth of every accusation against a defendant must be confirmed by a jury, and that an accusation lacking any particular fact the law makes essential to the punishment is insufficient both legally and logically.

Defendant asserts, that under the Sixth Amendment, as explained in **Apprendi**, and clarified in **Blakely**, a judge's authority to sentence derives wholly from the jury's verdict, thus, when a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and defendant is deprived of his Sixth Amendment Right to have a jury find such facts that increase his punishment.

This principal decided in **Apprendi** and clarified in **Blakely** directly impacts the Habeas Corpus §2255 Motion and Supplement which is before this court;

Within the Habeas Corpus and Supplement to the Habeas Corpus defendant raised the following argument:

> **"MOVANT IS CHALLENGING THE CONSTITUTIONALITY OF THE UNITED STATES SENTENCING GUIDELINES, IN RELATION TO APPRENDI v. NEW JERSEY."**

Defendant asserts, that the District Court imposed a sentence that exceeded the statutory maximum using an unconstitutional procedure.

3

The District's Court determination of defendant's criminal history score, and in particular, the court's designation of defendant as a career offender, violates his rights under the Fifth and Sixth Amendments as the facts giving rise to those determinations were not alleged in the indictment, found by a jury, or admitted by the defendant.

Consequently, after **Blakely**, the only enhancements that can be applied to increase a defendant's sentence consistent with that defendant's Fifth and Sixth Amendment rights are those that have been included in the indictment against the defendant and either found by a jury beyond a reasonable doubt or admitted by the defendant as part of a plea.

In the instant case, the probation officer made numerous factual determinations that go beyond the mere fact of the conviction in calculating the defendant's criminal history score and in finding that he qualified as a career offender. Most importantly, the probation officer found that the defendant was at least eighteen years old at the time of the instant offense, that the prior offenses fail within the fifteen year limitation, and that the prior offenses fit the prerequisite under 4B1.2.

Because these are facts that are separate from the fact of a prior conviction, **Blakely** requires that they have been charged in the indictment and admitted by the defendant as part of the factual proffer before they could be used to enhance his sentence. And because these procedures were not followed, the district court imposed a sentence in violation of defendant's Fifth and Sixth Amendments.

It is evident from the PreSentence Report and the Sentencing transcripts that the court based the defendant sentence on findings made by the probation officer as to facts that were not found by the jury or admitted by the defendant as part of the statement of facts. Therefore, they exceeded the applicable statutory maximum.

In Sum, the Sentencing Guidelines are ligislatively created, and they are therefore governed by the Supreme Court's decision in **Blakely**. Therefore, after **Blakely**, the only facts or factors that can be used to increase a defendant's sentence under the federal sentencing guidelines are those that (1) have been indicted, and (2) either have been found by a jury to exist beyond a reasonable doubt or have been admitted by the defendant at the plea hearing.

It is clear that the numerous factual determinations required to apply the Sentencing Guidelines' regular criminal history and career offender provisions in defendant's case make those provisions very different from the simple fact of the conviction that was at issue in Almendarez - Torres. Because those determinations so permeate the determinations of defendants' criminal history score and his status as a career offender, they should be subject to the rule of **Blakely**, not excepted from it.

Accordingly, because none of the facts supporting the criminal history calculations or the career offender determination were alleged in the indictment or admitted by the defendant at the plea, he could not be assigned any criminal history points, and could not be found to be a career offender.

This rule reflects the two long-standing tenets of common law criminal jurisprudice: that the "truth of every accusation" against a defendant "should afterward be confirmed by the unanimous suffrage of twleve of his equals and neighbors," . . . and that "an accusation which lacks any particular fact which the law makes essential to the punishment is . . . no accusation within the requirements of the common law, and it is no accusation in reason." *4

"These principles have been acknowledged by courts and treatises since the earliest day of graduated sentencing. .... [FN6].

## CONCLUSION

For all the foregoing reasons, defendant Kevin Hamlette respectfully request that this Honorable Court take notice of the above adjudicative facts.


Date December 10, 2004

                                      Respectfully Submitted,

                                      Kevin Hamlette
                                      Reg. No. 14279-014
                                      F.C.I. Allenwood
                                      Post Office Box 2000
                                      White Deer, PA 17887

# PROOF OF SERVICE

I, **Kevin Hamlette**, certify that on **December 10th, 2004** I mailed a copy of this document and all attachments via First Class mail to the following parties at the addresses listed below:

**United States District Court**
**For The District Of Connecticut**
**915 Lafayette Blvd.**
**Bridgeport, CT. 06604**

## PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the **U.S. District Court of Connecticut**. I further certify under penalty of perjury that the forgoing is true and correct. Title 28 U.S.C. § 1746.

Respectfully submitted this **10th** day of **December**, 200**4**.

Name: **Kevin Hamlette**

Number: **14279-014**

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to prison authorities for forwarding to clerk. Houston v Lack, 487 U.S. 266 (1988).