UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEVIN HAMLETTE | : | |
|     Petitioner | : | CRIMINAL NO. |
| v. | : | 3:00-cr-263 (JCH) |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | JULY 25, 2004 |
|     Respondent. | : | |

**RULING ON MOTION TO VACATE SENTENCE [DKT. NO. 1479] AND SUMMARY JUDGMENT MOTION [DKT. NO. 1674]**

The petitioner, Kevin Hamlette, moves this court to vacate his sentence under section 2255 of title 28 of the United States Code, and moves for summary judgment on his motion pursuant to Fed.R.Civ.P. 56. Hamlette argues that his counsel was ineffective in several respects, and, as such, his waiver of his rights to appeal and collaterally attack his sentence is not enforceable against him. Hamlette also attacks the applicability and constitutionality of the statutes under which he was convicted. For the reasons set forth below, Hamlette's motions to vacate and for summary judgment are DENIED.

**I.     FACTS**

On December 20, 2001, a federal grand jury returned an indictment charging, inter alia, Hamlette with possession with intent to distribute of five or more grams of cocaine base on two different occasions, in violation of Title 21 of the United States Code, sections 841(a)(1) and 841(b)(1)(B), and with possessing a firearm in violation of Title 18 of the United States Code, sections 922(g)(1) and 924(a)(2). On April 16, 2002, Hamlette pled guilty to Count 19 of the Indictment, which charged him with the

possession with intent to distribute of five or more grams of cocaine base on September 26, 2000. On July 17, 2002, this court sentenced Hamlette to a term of 188 months imprisonment to be followed by a term of five years supervised release.

The plea agreement that Hamlette and the government signed included this waiver of appeal rights:

> The defendant understands that under some circumstances he would have the right to appeal his sentence. However, the defendant waives his right to appeal the sentence and collaterally attack the sentence in a habeas corpus proceeding (28 U.S.C. § 2255) if the sentence is within the sentencing guideline range stipulated above (188-235 months). The defendant acknowledges that he is relinquishing his appellate and habeas corpus rights knowingly and voluntarily.

Plea Agreement Letter p. 4 (Dkt. No. 947). At his plea allocution, Hamlette engaged in the following colloquy with the court, again stating that he understood that he was waiving his rights to appeal and collaterally attack his sentence:

> The Court: Do you also understand that if you plead guilty in this case . . . there would be . . . no right to appeal the finding of guilt or the conviction. Do you understand that?
> The Defendant: Yes.
> The Court: Do you know what I mean when I say to appeal something?
> The Defendant: Yes.
> The Court: Tell me what that means to you.
> The Defendant: Something if you have an objection.
> The Court: You can take that objection to another court, is that what you understand?
> The Defendant: (Nodding head.)
> The Court: So what I was just asking you is to be sure you understood when you enter a guilty plea, you can't complain about that guilty plea later on. For example, if the sentence is higher than you wanted or for some other reason, the conviction or the finding of guilt, you've agreed and you understand, can't be attacked at an appeal court. Do you understand that?
> The Defendant: Yes.

Plea Allocution, p. 12-13 (Dkt. No. 1661). Hamlette filed the instant motion to vacate his sentence on July 16, 2003, which he amended with additional claims on August 28, 2003. In his pleadings, Hamlette argues that his waiver of appeal rights was not made knowingly and voluntarily because it was based on the ineffective assistance of counsel during plea negotiations. He argues that his counsel was ineffective because he did not attack the sufficiency of the indictment, he "persuaded" Mr. Hamlette to agree to the waiver of appeal rights, he did not adequately investigate the government's allegations and evidence, and he did not sufficiently apprise the defendant of his criminal liability in state court. Motion to Vacate, p. 2 [Dkt. No. 1479], Motion to Amend the Pleading [Dkt. No. 1505]. Hamlette also attacks the applicability of the laws he is convicted of violating as well as the calculation and constitutionality of his sentence under the Sentencing Guidelines. Id. In response, the government argues that Hamlette's waiver of his appeal rights was knowing and voluntary, and that his counsel was not ineffective, and thus he is barred from making the arguments contained in his motion.

Hamlette has also moved for summary judgment in his favor on the basis that the government failed to respond to his motion in a timely fashion.

II.    DISCUSSION

    A.    **Waiver of Rights Under the Plea Agreement**

Hamlette's plea agreement includes a waiver of his right to appeal or collaterally attack either his conviction or sentence so long as the sentence imposed by the court was within the range of 188 to 235 months. The sentence imposed by this court, 188

months, did not exceed the cap provided for in this portion of the plea agreement and, therefore, absent a demonstration that the waiver was invalid, it is binding on Hamlette.

"It is well established in the Second Circuit that a voluntary and knowing waiver of a right to appeal is enforceable . . . . It is equally well established that a plea agreement entered into without effective assistance of counsel is unenforceable." Guitierrez v. United States, 3:03-CV-1622(AHN), 2005 WL 1109440, at *2 (D.Conn. April 22, 2005)(citing United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001); United States v. Djelevic, 161 F.3d 104, 106-07 (2d Cir. 1998); United States v. Rosa, 123 F.3d 94, 98 (2d Cir.1997); United States v. Ready, 82 F.3d 551, 555 (2d Cir. 1996); United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993)). However, the Second Circuit has rejected "the notion that an appeal waiver becomes unenforceable simply because a defendant 'claims' ineffective assistance of counsel." United States v. Monzon, 359 F.3d 110, 118 (2d Cir. 2004). "The appeal waiver would be unenforceable if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious. But if the record on appeal shows that the claim lacks merit, the appeal should be dismissed because the waiver should be enforced." Id. at 118-19.

Hamlette stated in both the plea agreement letter and in the plea allocution that his waiver of appeal rights was knowing and voluntary. "The court is entitled to accept a defendant's statements under oath at a plea allocution as true." Gutierrez, 2005 WL 1109440 at *3 (citing United States v. Maher, 108 F.3d 1513, 1521 (2d Cir. 1997)). On

the basis of Hamlette's representations in the agreement and at the allocution, this court would find that Hamlette's waiver was knowing and voluntary and thus enforceable.

Hamlette argues, however, that his waiver was not knowing and voluntary because of his counsel's ineffectiveness.[1]  Only ineffectiveness of counsel with regards to the plea process itself can render an otherwise valid waiver unenforceable.  United States v. Hernandez, 242 F.3d at 144 ("[T]he refusal to apply such a waiver [due to ineffectiveness of counsel] only allows appellate review of the constitutionality of the process by which the plea agreement was consummated.").  Such an inquiry usually concerns the discussions and representations that counsel made to a defendant prior to his plea, regarding the plea.  See, e.g., Muniz v. United States, 360 F.Supp.2d 574, 578 (S.D.N.Y. 2005)(finding no constitutional violation in plea agreement process where defendant confirmed at plea proceeding that he had read and understood the indictment, had sufficient time to talk to his attorney, understood the agreement, and was satisfied with his attorney).

Here, Hamlette does not argue that his counsel misinformed him about the nature of his waiver or made misrepresentations to him about the waiver in other

---

[1] To prevail on a claim for ineffective assistance of counsel, Hamlette must satisfy the two-part test set out by the Supreme Court in Strickland v. Washington in order to obtain relief.  466 U.S. 668 (1984).  Under Strickland, the petitioner must first show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688.  Second, the petitioner must show that counsel's deficient performance caused prejudice to the petitioner.  Id. at 694.

respects. He also does not argue that he did not know what he was agreeing to when he signed the plea agreement or spoke at the plea allocution. Instead, he argues that his counsel was ineffective because he "persuaded" and "induced" Hamlette to waive his appeal rights "just to cover his ineffectiveness and prevent [Hamlette from attacking the sentence]." Motion to Vacate, p. 2.

Hamlette's claim of ineffectiveness cannot overcome his waiver of rights as is not premised on an constitutional infirmity in the plea process itself, and as it does not demonstrate that the waiver was not knowing and voluntary. Hamlette's counsel's efforts to "persuade" his client do not themselves demonstrate any ineffective representation with regards to the plea negotiation process. Hamlette's attempt to link his claim to other aspects of his counsel's representation is unavailing. In Guitierrez, the district court found that, where the petitioner attempted to overcome an appeal waiver by arguing that his counsel misinformed him about the application of the sentencing guidelines and that the court incorrectly applied the Guidelines, the petitioner's claim was "nothing other than a collateral attack on his sentence." Guitierrez, 2005 WL 1109440 at *2. The court explained: "Such an attack, disguised as a Sixth Amendment ineffective assistance of counsel claim, will not pierce a bargained-for agreement [that was entered into] knowingly and willingly." Id. Similarly, here, Hamlette has not made any showing that would call into question the constitutionality of the plea process itself due to the quality of his counsel's representation with regards to the plea process. His ineffectiveness claims all relate to other aspects of his conviction

and sentencing, and, as such, cannot be the basis for overcoming his waiver. The waiver of appeal rights that Hamlette agreed to is valid and binding, and, consequently, Hamlette is not afforded review on his other claims. Accordingly, Hamlette's motion to vacate his sentence is DENIED.

The court also does not bar the government's response to Hamlette's motion for reason of untimeliness. The motion for summary judgment is hereby DENIED.

### III.    CONCLUSION

For the foregoing reasons, the petitioner's Motion to Vacate [Dkt. No. 1479] is hereby DENIED. The petitioner's motion for summary judgement [Dkt. No. 1674] is also DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 25th day of July, 2005.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge