UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN HAMLETTE,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | : CRIM. NO. 3:00 CR 263<br>: CIV. NO. 3:03 CV 1239<br>:<br>: DISTRICT JUDGE<br>: JANET C. HALL<br>:<br>:<br>: |

MOTION FOR LEAVE TO FILE CERTIFICATE OF APPEALABILITY ("COA")
NUNC PRO TUNC

NOW COMES, Petitioner (hereinafter referred to as "Petitioner"), proceeding pro se in the above styled manner and request that this Honorable Court grant him permission to file his "C.O.A." petition out of time for the following reasons:

1.) The Clerk for the U.S. District Court of Conn., failed to forward Petitioner a copy of the Court Order denying his § 2255 motion, consequently Petitioner remained oblivious to such denial until the receipt of his Docket Sheet on 4/3/06.

2.) Petitioner did not learn of the District Courts' denial until his sister, after several attempts, acquired a copy of Petitioner's Docket Sheet which indicated the § 2255 denial.

## CERTIFICATE OF APPEALABILITY

NOW COMES, Petitioner, Kevin Hamlette, (hereinafter refered to as "Petitioner"), proceeding Pro Se, in the above styled manner and respectfully request that this Court grant a Certificate of Appealability ("C.O.A."), whereby Petitioner may appeal this Court's 7/27/05 Order which subsequently denied his 28 U.S.C. § 2255 & Motion for Summary Judgment.

## PROCEDURAL HISTORY

On July 16, 2003, Petitioner submitted his 28 U.S.C. § 2255 Motion to the United States District Court in the District of Connecticut. In such Motion, Petitioner raised a total of 4 issues in support of his Counsel's Ineffectiveness.

On August 26, 2003, the Government filed a Motion for an Extension of Time in which to respond to Petitioner's § 2255.

On August 28, 2003, Petitioner filed a Motion to Amend his § 2255.

On September 2, 2003, the Government's Motion for an Extension of Time was Granted.

On November 6, 2003, Petitioner's Motion to Amend his § 2255 was Granted.

On March 31, 2004, Petitioner filed a Motion for Summary Judgment and a Memorandum of Law in support of such petition.

On April 2, 2004, the Government filed another Extension of Time in which to respond to Petitioner's § 2255 Motion.

On April 12, 2004, Petitioner filed a Motion opposing the Government's request for an extension of time.

On April 19, 2004, the Government's Motion for an Extension of Time was Granted.

On June 9, 2004, Petitioner again filed a Motion for Summary Judgment.

On July 16, 2004, the Government filed a Motion opposing Petitioner's Motion for Summary Judgment.

On August 18, 2004, Petitioner filed his Traverse concerning the Government's response to his § 2255 Motion and subsequent Motion for Summary Judgment.

Finally, after numerous request for his Docket Sheet, Petitioner discovered that on April 4, 2006, his § 2255 motion and subsequent motion for Summary Judgment had been denied back on July 27, 2005. In sum, Petitioner never received an actual copy of the Order from the Court denying his motions.

## ARGUMENT

Issue #1: Counsel Was Ineffective During The Plea Negotiations In Violation Of The Fifth And Sixth Amendments Of The U.S. Constitution For Allowing Petitioner To Plea to A Constructively Amended Indictment.

Counsel allowed Petitioner to enter into a guilty plea despite the

-3-

Government's Constitutionally defective indictment.

In the case in chief, the indictment with which Petitioner was advised to plea guilty to failed to charge any Congress created offense (Petitioner is specifically referring to Count 19 of the indictment - the Count in which he was advised to plea guilty to). Specifically, Count 19 of the indictment alleges that "Kevin Hamlette a/k/a/: Fresh," did knowingly and intentionally possess with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, Schedule II Controlled substance. All in violation of title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

Petitioner avers however, that "detectable amount of cocaine base" does not exist within Chapter 13 of the Controlled Substance Act, better known as title 21, Food and Drugs Administration. Petitioner posits that a review of title 21 U.S.C subsection 841(b)(1)(B) will reflect the fact that the words "detectable amount" were excluded from subdivision (iii). Petitioner contends that such an omission was the intent of the statute's creator. "When Congress includes particular language in one section of a statute but omits it from another section of the same statute, it is presumed to have acted intentionally and with meaning in the distinction." See Rossello v. United States, 464 U.S. 16 (1983). In this instance, the Government constructively Amended the indictment in regards to Count 19.

Counsel in this regard was ineffective based upon his failure to not allow Petitioner to plea to the constructively amended indictment. When making a meritorious ineffective claim a petitioner must demonstrate two things: first, that counsel's performance was deficient and, second, that Counsel's deficient performance prejudiced

-4-

the defense. In the case at hand, counsel's performance was deficient based upon his failure to contest the constructively amended indictment. Further, Petitioner was prejudiced by such deficient performance in that he was advised to plea guilty to the constructively amended indictment. See Strickland v. Washington, 466 U.S. 668 (1984).

Issue #2: Counsel Was Ineffective During the Plea Negotiations When He Persuaded Petitioner to Sign The Proposed Plea Agreement Which Explicitly Waived Petitioner's Appellate Rights And Collateral Challenges.

Petitioner contends that it is axiomatic that he be afforded the opportunity to challenge, at minimum, the Constitutionality of his sentence. In the case at hand counsel knowingly and intentionally induced Petitioner into entering the proffered agreement whereby Petitioner's appellate rights were waived. Petitioner posits that such an act was done in order to obscure counsel's ineffectiveness and prevent Petitioner from seeking recourse. Clearly such a waival was not knowingly and intelligently done by Petitioner. Petitioner should have been entitled to his appellate rights and free to contest his counsel's ineffectiveness.

Isse #3: Counsel Was Ineffective During The Plea Negotiations, Based Upon His Failure to Recognize A Potential Double Jeopardy Conflict.

Specifically, the plea agreement stipulated that Petitioner would plead guilty to Count 19 of the superseding indictment. Count 19 however consisted of an overt act supposedly committed on March 20, 2001. Interestingly, this same overt act was the gist of the State's pending

-5-

charges in the Superior Court of Fairfield County (Bridgeport) (See Docket No. F02B-CR01-0167656-S. Id at PSR pg. 13, ¶ 52) (See also exhibit #1 attached hereto). Petitioner plead in the State on or about August 1, 2002, where he was sentenced to ten (10) years concurrent with this instant Federal offense.

Petitioner contends that Counsel should have foreseen the conflict, nevertheless he negotiated a plea agreement in Federal Court for the same violation. Title U.S.C. § 903 "Application of State Law" which state in relevant language: "No provision of this subchapter [subchapter I] shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State Law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between the provision of this subchapter and the State law so that the two cannot consistently start together." That said, Petitioner is currently convicted in both jurisdictions for the same offense. Despite the fact that he was first sentenced pursuant to federal jurisdiction, the State possesses primary and original jurisdiction as indicated in § 903. of Title 21. In short, counsel was ineffective based upon his failure to contest the double jeopardy violation.


Issue #4. Counsel Was Ineffective Based Upon His Failure To Challenge The Courts' Imposition Of A Sentence Pursuant To The "Crack" Enhancement Provisions Of the Federal Sentencing Guidelines.


Counsel's failure in this regard forced Petitioner to plea to an indictment that alleged a substance considered cocaine base. The Lab Report, however indicated that the substance in question was cocaine

-6-

hydrochloride. A plethora of a case law exist which support the fact that not all forms of cocaine base are considered crack. See United States v. Munez Realpe, 21 F.3d 375, 376-78 (11th Cir. 1993). Specifically Congress, the Sentencing commission and Federal Courts have consistently found that "crack" consist of a mixture wherein cocaine Hydrochloride, water and sodium bicarbonate were caused to chemically react by a process of heating. In the case at bar, the substance in question was only shown to be cocaine hydrochloride. Here counsel's ineffectiveness was responsible for Petitioner being exposed and Sentenced to a substantially lengthier sentence.

Issue #5: Counsel Was Ineffective Based Upon His Failure To Contest Petitioner's Sentencing Enhancement Due To The Courts' Finding Of Petitioner Being A Career Offender.

Here Petitioner asserts that the Court erroneously found Petitioner to be classified as a "career criminal" based upon "two convictions previously for narcotics in March of 1990 as well as October of 1990" (pg. 11 of Sentencing Minutes). A review of Petitioner's Criminal History reflects that no such convictions exists in 1990. Had counsel properly challenged this point then Petitioner's sentence would have been considerably lower.

## SUMMARY ARGUMENT

Petitioner contends that this Court has misconstrued the basis of Petitioner's § 2255 Motion. the basis of each issue raised in Petitioner's § 2255 Motion merely served as examples supporting

-7-

Counsel's ineffectiveness.

In Petitioner's "C.O.A.," Petitioner not only highlights Counsels ineffectiveness, but moreover shows how he was prejudiced as a result of such ineffectiveness. See <u>Strickland v. Washington</u>, 466 U.S. 668 (1984); also see <u>Glover v. United States</u>, 99-8576 (January 9, 2001).

## CONCLUSION

Petitioner respectfully request that this Honorable Court issue a "C.O.A." so that Petitioner's argument may be submitted to the Second Circuit in the interest of justice.

Respectfully Requested,

Kevin Hamlette, Pro Se.

# PROOF OF SERVICE

I certify that on __5-17-06__ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties **at the addresses listed below**:

CLERK OF COURT
UNITED STATES DISTRICT COURT
IN THE DISTRICT OF CONNECTICUT
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CT 06604

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __5-17-06__ (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: __5-17-06__

Rev. 09/05