UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | :      CRIMINAL NO. 3:00CR263(JCH) |
| v. | : |
| KEVIN HAMLETTE | :      JULY 15, 2008 |

**GOVERNMENT'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE:
SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)**

On or about April 21, 2008, the Court issued an Order directing the government to submit a brief, on or before July 21, 2008, addressing whether the defendant qualifies for a reduction of his sentence under the new crack Guidelines, pursuant to 18 U.S.C. § 3582(c)(2) and 994(u), as well as Amendment 706 to the United States Sentencing Guidelines.

In its Order to Show Cause, the Court stated that it had reviewed a supplemental Presentence Report prepared by the Probation Office suggesting that the defendant is not eligible for a sentence reduction because the defendant's guideline range was not driven by crack quantity, but rather his status as a career offender. The government agrees that the defendant is not eligible for a reduction in his sentence.

Specifically, for the reasons stated herein, the Court should not issue an amended judgment or alter the defendant's incarceration term. In this case, the defendant was a career offender and the guideline range was not governed at all by the crack cocaine guidelines provided for under U.S.S.G. § 2D1.1. Thus, the defendant does not benefit at all from the November 1, 2007 amendments to that guideline section. Because the defendant was sentenced as a career offender, the November 1, 2007 amendments to the crack cocaine guidelines do not alter or affect his guideline range and he is not eligible for a reduction in his sentence.

I.   **BACKGROUND**

Kevin Hamlette ("Hamlette") was charged as part of the <u>Burden</u> case with various offenses relating to narcotics trafficking. Specfically, on December 20, 2001, a federal grand jury returned an indictment charging Hamlette with, among other things, possession with intent to distribute five or more grams of cocaine base on two different occasions, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and with possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On April 16, 2002, Hamlette pled guilty to Count Nineteen of the Third Superseding Indictment in this case, which charged him with unlawfully possessing with the intent to distribute more than 5 grams of cocaine base on September 26, 2000, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The charge reflected, among other things, evidence found at Hamlette's residence during the execution of a search warrant, including a digital scale, packaging materials, a handgun, and far in excess of 5 grams of crack cocaine.

As part of his written plea agreement with the government, Hamlette agreed that, in light of his career offender status, his sentencing range was 188 - 235 months incarceration:

> The parties agree that, based on the defendant's prior criminal record which includes two felony narcotics sale convictions in the Superior Court of the State of Connecticut, the defendant qualifies as a "career offender" for sentencing guideline purposes, pursuant to United States Sentencing Guidelines Section 4B1.1. As a result, the defendant's criminal history category is VI, and is resulting offense level is 34. *See* U.S.S.G. §4B1.1(B). After a reduction for acceptance of responsibility, the defendant's resulting sentencing guideline range is 188-235 months.

*See* Plea Agreement dated April 16, 2002 [Doc. 947] at 3. As part of the written plea agreement, the defendant further agreed that he would not seek a downward departure from the agreed upon range – and the government agreed to refrain from filing one or more second offender notices pursuant to 21 U.S.C. § 851 which would have otherwise increased the mandatory minimum

sentence, the maximum sentence and the "career offender" guideline Hamlette faced:

> The defendant agrees that he will not, through counsel, seek a downward departure from this sentencing guideline range. The defendant acknowledges that he is relinquishing this ability knowingly and voluntarily, after consultation with his lawyer, and agrees that such relinquishment under the circumstances is in his best interests.
>
> The government agrees that it will not file one or more second offender notices pursuant to Title 21, United States Code, Section 851 against the defendant based on his prior felony narcotics convictions, which would otherwise increase the mandatory minimum sentence, the maximum sentence and the "career offender" guideline as result of this offense.

*See* Plea Agreement dated April 16, 2002 [Doc. 947] at 3-4.

On July 12, 2002, this Court sentenced Hamlette to a term of incarceration of 188 months – the low end of the applicable sentencing guidelines range. In doing so, the Court similarly found that the defendant was a career offender under U.S.S.G. § 4B1.1 and that the applicable sentencing guideline range was 188-235 months' incarceration.[1]

Judgment entered on July 17, 2002. Hamlette is presently serving his sentence and, according to the Bureau of Prisons, his estimated date of release is April 29, 2015.

## II.    DISCUSSION

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines set forth in U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[2] In Amendment 706, the Commission generally reduced by two levels the offense levels applicable

---

[1] Notwithstanding that the defendant agreed in his plea agreement to waive his right to appeal or to collaterally attack his conviction and sentence, the defendant pursued a motion under 28 U.S.C. § 2255, alleging that his counsel was ineffective. The court denied the defendant's 2255 on or about July 27, 2005. *See* [Doc. #1751].

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In this case, however, the defendant is not eligible for a reduction in his sentence because his guideline range was determined not by the quantity of crack involved in his offense, but on his status as a career offender.

Indeed, in his written plea agreement, Hamlette stipulated to his status as a career offender, and to the applicable Guideline range of 188-235 months imprisonment. During sentencing proceedings on July 12, 2002, this Court similarly concluded that the defendant was a career offender. The Court adopted the factual findings of the PSR, and determined that, under § 4B1.1, the defendant's total offense level was 31, his criminal history category ("CHC") was VI, and his resulting Guideline range was 188-235 months' imprisonment. The Court imposed a sentence of 188 months' incarceration – the low end of the applicable and agreed upon Guidelines range – to be followed by five years of supervised release.

The defendant therefore cannot gain any relief under 18 U.S.C. § 3582(c) because his guideline range at sentencing was governed, not by the quantity of cocaine base involved in his offense, but by his career offender designation. The career offender provision is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this

policy statement and therefore *is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.*" U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Numerous courts that have specifically addressed the career offender scenario have held that a defendant whose sentence was driven by his or her status as a career offender is not entitled to a reduction under the new crack guidelines. *Cf., United States v. Ogman*, No. 06-0203-cr, 2008 WL 925320 (2d Cir. Apr. 7, 2008) (remand for resentencing for possession with intent to distribute cocaine base and for conspiracy to possess cocaine with intent to distribute was not warranted where guidelines range applied to defendant's case was not result of crack ratio, but rather from defendant's status as career offender); *see also United States v. Gray*, 2008 WL 895012, *2 n.1 (4th Cir. Apr. 2, 2008); *United States v. Bronson*, 2008 WL 539796, *2 (4th Cir. Feb. 27, 2008); *United States v. Tingle*, 2008 WL 1902055 (8th Cir. May 1, 2008); *United States v. Williams*, 2008 WL 762083, *7 (E.D. Ark. Mar. 18, 2008); *United States v. Turner*, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008); *United States v. McDougherty*, 2008 WL 752597, *4-5 (C.D. Cal. Mar. 18, 2008); *United States v. Lee*, 2008 WL 2357243 (N.D. Cal. June 6, 2008); *United States v. Herrera*, 2008 WL 2438036 (D. Colo. June 16, 2008); *United States v. Gutierrez*, 2008 WL 927564 (D. Conn. Apr. 4, 2008); *United States v. Brantley*, 2008 WL 718143 (M.D. Fla. Mar. 14, 2008); *United States v. Davis*, 2008 WL 660277 (M.D. Fla. Mar. 6, 2008); *United States v. Straughter*, 2008 WL 717686 (S.D. Fla. Mar. 24, 2008); *United States v. Jones*, 2008 WL 717684 (S.D. Fla. Mar. 17, 2008); *United States v. McKinney*, 2008 WL 2224899 (S.D. Ill. May 27, 2008); *United States v. Nunnally*, 2008 WL 2266301 (N.D. Ind. June 2, 2008); *United States v. Diaz*, 2008 WL 2036831 (N.D. Iowa May 9, 2008); *United States v. Martin*, 2008 WL

1995090 (D. Kan. May 6, 2008); *United States v. Plater*, 2008 WL 2543435 (D. Md. June 24, 2008); *United States v. Conce*, 2008 WL 2038901 (D. Mass. May 13, 2008); *United States v. Washington*, 2008 WL 660227 (D. Me. Mar. 6, 2008); *United States v. LaFrance*, 2008 WL 447548 (D. Me. Feb. 19, 2008); *United States v. Hayes*, 2008 WL 2444446 (E.D. Mich. June 13, 2008); *United States v. Lewis*, 2008 WL 1968712 (S.D. Miss. May 5, 2008); *United States v. Rogers*, 2008 WL 2329320 (W.D.N.C. June 5, 2008); *United States v. Ware*, 2008 WL 906410 (D.N.H. Apr. 3, 2008); *United States v. Pizarro*, 2008 WL 351581 (D.N.H. Feb. 8, 2008); *United States v. Taylor*, 2008 WL 697341 (W.D. Okla. Mar. 12, 2008); *United States v. Rivera*, 535 F. Supp. 2d 527 (E.D. Pa. 2008); *United States v. Thompson*, 2008 WL 750563 (M.D. Pa. Mar. 19, 2008); *United States v. Strothers*, 2008 WL 2473686 (W.D. Pa. June 19, 2008); *United States v. Wright*, 2008 WL 2078134 (D.S.C. May 15, 2008); *United States v. Jackson*, 2008 WL 892688 (W.D. Va. Mar. 28, 2008); *United States v. White*, 2008 WL 724171 (W.D. Va. Mar. 17, 2008); *United States v. Manns*, 2008 WL 723748 (W.D. Va. Mar. 13, 2008); *United States v. Garcia*, 2008 WL 725025 (E.D. Wash. Mar. 17, 2008); *United States v. Biami*, 2008 WL 1869108 (E.D. Wis. Apr. 22, 2008) (includes extensive analysis and citation of numerous district court decisions which unanimously agree with this result).[3]

Courts have also agreed more generally that where, as here, application of a Guidelines amendment does not result in a different sentencing range, no reduction of sentence may occur.

---

[3] *But see United States v. Nigatu*, 2008 WL 926561 (D. Minn. Apr. 7, 2008) (while a defendant sentenced as a career offender does not benefit from the retroactive amendment, the amendment applied in this case, where the district court at the original sentencing hearing did not apply the career offender guideline upon finding that it overstated the defendant's criminal history); *United States v. Poindexter*, 2008 WL 1946821 (E.D. Pa. May 2, 2008) (same); *United States v. Darrell Harris*, 3:97CR00171(RNC), Doc. #40, (D. Conn. May 12, 2008) (same). These cases are inapplicable to Hamlette's case as Hamlette was sentenced as a career offender without any such departure.

*See United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States v. Allison*, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); *United States v. Dorrough*, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); *United States v. Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States v. Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

      Because the defendant was a career offender and the guideline range was not governed by the crack cocaine guidelines provided for under U.S.S.G. § 2D1.1, the defendant is not eligible for a reduction in his sentence.

**III.    CONCLUSION**

For the reasons stated above, because the defendant was sentenced as a career offender, the November 1, 2007 amendments to the crack cocaine guidelines do not alter or affect his guideline range and accordingly, he is not eligible for a reduction in his sentence.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

/s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct19105
United States Attorney's Office
157 Church Street, 23d Floor
New Haven, CT 06510
(203) 821-3700
(203) 821-3829 (fax)
Stephen.Reynolds@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 15, 2008, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, including the defendant and his counsel identified below, as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Kevin Hamlette
No. 14279-014
FCI Williamsburg
Satellite Camp
P.O. Box 340
Salters, South Carolina  29590

Richard S. Cramer, Esq.
250 Hudson Street
Hartford, Connecticut 06103
(860) 560-7704
(860) 560-7706 (fax)
cramer@snet.net

Ray Lopez
Senior United States Probation Officer
U.S. Probation Office
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

    /s/
STEPHEN B. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY